ALSD Local 106 (Rev 07-13) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

One Touchscreen Cell Phone with Blue in Color Back
In the Custody of the Evergreen, AL Police Department

Case No. MJ 20-0016-B

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

One Touchscreen Cell Phone with Blue in Color Back
In the Custody of the Evergreen, AL Police Department

located in the    Southern    District of    Alabama    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a)(1) | Possession with Intent to Distribute Controlled Substances |
| 18 USC § 924(c) | Possession of a firearm during and in relation to a drug trafficking crime |

The application is based on these facts:
See attached affidavit, incorporated herein by reference.

☒ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

S.A. Matthew Chakwin, HSI
*Printed name and title*

Sworn to before me and attestation acknowledged pursuant to FRCrP 4.1 and 4.1(b)(2).

Date: Feb. 5, 2020

*Judge's signature*

___, U.S. District Magistrate Judge
*Printed name and title*

City and state: Mobile, AL

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Matthew Chakwin, being duly sworn, states:

## I.
## INTRODUCTION AND EXPERTISE

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code, who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Section 2516 of Title 18 of the United States Code.

2. I am a Special Agent and currently employed by Homeland Security Investigations ("HSI") and have been a federal law enforcement officer since April 2009. My formal education includes a Bachelor of Science Degree in Criminal Justice Studies from Georgia State University. From April 2009 until September 2009, I attended the Federal Law Enforcement Training Center ("FLETC"). During the course of my formalized training at FLETC, I learned the fundamentals of how to conduct criminal investigations.

3. I am currently assigned to the Office of the Resident Agent in Charge, Mobile, Alabama and am charged with investigations relating to organizations that utilize aircraft, boats, cars and other means to smuggle or traffic weapons, drugs, currency, contraband or that use these means to provide logistical support for their illicit operations. I am also involved with investigations related to drug trafficking through and around sea ports of entry. During this time, I have participated in the investigation of various drug trafficking organizations ("DTOs") involved in the acquisition, importation, transportation and distribution of controlled substances into and through the Southern District of Alabama. As the nature of my ongoing work at HSI requires that I keep abreast of recent trends and developments involved in the investigation of DTO's, I also speak with agents from the Drug Enforcement Administration ("DEA"), United States Border Patrol ("USBP"), Customs and Border Protection ("CBP") and various other local law enforcement officers operating within the Southern District of Alabama.

4. As a law enforcement officer since 2009, I have been involved in numerous controlled substance related investigations involving various illegal substances, including heroin, cocaine, methamphetamine and marijuana.

5. By virtue of my employment as a Special Agent with HSI, I have performed or been trained in various tasks, which include, but are not limited to (a) providing surveillance, by observing and recording movements of persons trafficking in controlled substances and those suspected of trafficking in controlled substances; (b) tracing currency and assets gained by controlled substance traffickers from the illegal sale of controlled substances and/or the laundering of monetary instruments; (c) interviewing witnesses, cooperating individuals, and informants relative to the illegal trafficking of controlled substances; and (d) functioning as a case agent, which entails the supervision of specific investigations involving the trafficking of narcotics and the laundering of monetary instruments.

6. I have based this affidavit on my participation in the investigation of **Michael Hernandez SERRANO (hereinafter SERRANO).** The statements contained in this affidavit are based on my own personal knowledge, information that I obtained from other federal and

local law enforcement officers and from my review and analysis of various records and documents related to this investigation. Since this affidavit is being submitted for the limited purpose of obtaining a search warrant authorizing the search of two cellular phones, I have not set forth each and every fact learned during the course of this investigation. Facts not set forth herein are not being relied upon in reaching my conclusion that a search warrant should be issued. Nor do I request that this Court rely upon any facts not set forth herein in reviewing this affidavit in support of the application for a search warrant. The subject of this search will be one (1) cellular telephone that was found inside a vehicle being operated by **SERRANO** at the time of his encounter with law enforcement on February 2, 2020.

7. The property to be searched is described as one touchscreen phone, with a blue in color back, (hereinafter **PHONE**). The property has been in Evergreen, Alabama Police Department (EPD) custody since its seizure. The phone is believed to belong to **SERRANO** based on the fact that the phone was discovered inside the vehicle **SERRANO** was operating at the time of his arrest, as well as the fact that the EPD Officer who encountered **SERRANO** saw **SERRANO** operating the phone by entering his password during his encounter with law enforcement.

8. On February 2, 2020, EPD Officer Adams responded to a call concerning a vehicle being operated recklessly in the Evergreen city limits. Officer Adams observed the vehicle on US-31 North traveling at a high rate of speed. Officer Adams conducted a traffic stop of the vehicle and approached the driver's side. Officer Adams noted in his incident report that he observed **SERRANO**, the sole occupant of the vehicle, to be extremely nervous and **SERRANO** began speaking in the Spanish language. **SERRANO** was attempting to describe a traffic stop in Coffee County and was attempting to locate paperwork from the stop. During this time Officer Adams observed what appeared to be marijuana "shake" in the carpet of the vehicle. **SERRANO** advised that he was heading from Mobile, Alabama, where he was visiting his sister, to Enterprise, AL. Officer Adams asked **SERRANO** to open the door and exit the vehicle, and that he was going to search the vehicle. At this time **SERRANO** pulled what appeared to be a marijuana "roach" from the ash tray and drop it on the ground outside of the driver's side window. **SERRANO** referred to this as marijuana.

9. During the search of the vehicle Officer Adams discovered six (6) .40 caliber bullets hidden inside of a cotton type glove. Under the floor mat of the driver's side of the vehicle, Officer Adams further discovered a .40 caliber pistol (Serial Number SKS26371), a magazine, and approximately 31 grams of a suspected controlled substance. A field test of the suspected narcotics showed a positive result for both cocaine and fentanyl.

10. **SERRANO** was placed under arrest by Officer Adams for narcotics trafficking and evidence was collected from the scene. One particular item seized by EPD was **SERRANO**'s cellular **PHONE**.

11. The phone is described in Attachment "A" and photographs of the phone are contained in Attachment "B".

12. Based upon my training and experience in investigations of persons involved in the smuggling and trafficking of controlled substances and finances involved in such crimes,

individuals routinely use electronics to facilitate banking and financial record keeping. Notes of drug transactions, communications between sources of supply and customers, contact lists, names and locations of conspirators, financial records, and other information relating to narcotics dealing and financial structuring are contained in computers and other electronic devices.

13. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

14. There is probable cause to believe that things that were once stored on the Devices may still be stored there, for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

15. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of storage devices or other external storage media, and the times the device was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on an electronic device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

16. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

17. Manner of execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

18. Based upon the facts and circumstances set forth above, I believe there is probable cause to establish that there is currently information relating to 21 U.S.C. § 841 (a)(1) (Possession with intent to distribute a controlled substance), and 21 U.S.C. § 846 (Conspiracy to

possess with intent to distribute a controlled substance) stored within the **PHONE** found inside the vehicle operated by Michael Hernandez SERRANO as described above.

_____
SA MATTHEW CHAKWIN
Homeland Security Investigations

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS **5th**
DAY OF FEBRUARY 2020

_____
SONJA D. BIVINS
United States Magistrate Judge

ATTACHMENT "A"

The property to be searched is described as one cellular phone, with a blue in color back. The property has been in Evergreen Police Department custody since its discovery. The entire devices would be subject to forensic analysis, to include all items stored or recovered on the device, as well as human inspection of device. The device is currently stored in Evergreen Police Department custody in Evergreen, Alabama.

ATTACHMENT "B"
Photos of **PHONES.**



## ATTACHMENT "C"

The entire device would be subject to forensic analysis, to include all items stored or recovered on the device, as well as human inspection of device. Based upon my training and experience in investigations of persons involved in the smuggling and trafficking of controlled substances and finances involved in such crimes, individuals routinely use electronics to facilitate banking and financial record keeping. Investigators will be searching this **PHONE** for the following: Notes of drug transactions, communications between sources of supply and customers, contact lists, photographs, messages, call logs, GPS logs, names and locations of conspirators, financial records, and other information relating to narcotics dealing and financial structuring which are often contained in computers and other electronic devices, as well as any other information contained within the devices that would be of evidentiary value to support alleged violations of 21 U.S.C. § 841 (a)(1) (Possession with intent to distribute a controlled substance), and 21 U.S.C. § 846 (Conspiracy to possess with intent to distribute a controlled substance).